**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2531-18T3

TOWNSHIP OF MONTCLAIR,

    Plaintiff-Appellant,

v.

FRANK CERINO, MARY ANN
CERINO, and DECOZEN
CHRYLSER JEEP DODGE,

    Defendants-Respondents,

and

NEW YORK COMMUNITY BANK,

    Defendant.

_____

Argued January 28, 2020 – Decided February 28, 2020

Before Judges Yannotti, Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4479-15.

Rudy S. Randazzo argued the cause for appellant (Riker Danzig Scherer Hyland & Perretti, LLP, attorneys;

Stuart M. Lederman, of counsel and on the briefs; Rudy S. Randazzo, on the briefs).

John J. Reilly argued the cause for respondents (Bathgate Wegener & Wolf, PC, attorneys; John J. Reilly, on the brief).

PER CURIAM

In this condemnation matter, which comes before us for the second time, plaintiff Township of Montclair (Township) appeals from a February 5, 2019 order entered by the Law Division, dismissing its complaint with prejudice. For the reasons that follow, we reverse and remand to the trial court for further proceedings.

I.

The parties are familiar with the procedural history and facts of this case and, therefore, they will not be repeated in detail here.[1] By July 13, 2016, the Township took possession of the subject property owned by the Cerinos and

---

[1] The chronology is set forth in this court's May 9, 2017 unpublished opinion, in which we affirmed the trial court's determination and concluded there was no dispute over the actual, physical property the Township sought to condemn for municipal court and police department parking. Rather, we concluded the dispute concerned the valuation of the subject property and the extent of any damages which the prior trial judge preserved "by expressly authorizing the commissioners to make 'a determination as to integration as disputed . . . and the amount of severance damages, if any [. . . .]'" Twp. of Montclair v. Cerino, No. A-0753-15 (App. Div. May 9, 2017) (slip op. at 18-19). We incorporate, by reference, the facts stated in our prior opinion.

2

converted it into a parking lot for its municipal court and police department. The commissioners conducted a hearing to determine the amount of just compensation owed to the Cerinos. At the commissioners' hearing, the Township presented its November 2014 appraisal report as evidence of just compensation. The Cerinos raised no objection to the November 2014 evaluation. The commissioners entered an award from which the Cerinos appealed and demanded a jury trial.

Just prior to trial, the Cerinos filed a motion to exclude the Township's 2014 appraisal, arguing that the appraiser had valued the property eight months before the date of taking. The Cerinos asserted the date of taking was June 25, 2015—the date the Township filed its complaint. Following oral argument, the trial court found the correct date of valuation was June 25, 2015, when the action was commenced, and that the Township did not value the taking using that date.

Additionally, the trial court found that because the Township's expert only conducted a valuation as of November 2014, "[the Township] cannot determine as . . . of the . . . date of the commencement of the action, in fact, the valuation [of] just compensation, which is required by the statute -- and required . . . ." The court stated:

> That being the case, and in the fact that the [Township] cannot comply with N.J.S.A. 20:3-30, and provide a

just compensation determined as of the date of the earliest in the event, which is . . . the date of the commencement of the action, the [c]ourt does not have jurisdiction to move the case forward, and, therefore, the . . . case is dismissed.

The trial court granted the Cerinos' motion, and ruled that the Township had to file a new complaint and start the process over.

On appeal, the Township argues that the trial court erred by holding that its appraisal must coincide with the June 25, 2015 date of taking under the Eminent Domain Act,[2] or alternatively, the trial date should have been adjourned to provide the Township with an opportunity to update its report to conform with the June 25, 2015 date of taking ruling.

## II.

An appellate court reviews a trial court's evidentiary rulings for abuse of discretion. Brenman v. Demello, 191 N.J. 18, 31 (2007) (citing Green v. N.J. Mfrs. Ins., 160 N.J. 480, 492 (1999)). Thus, an appellate court will not disturb a trial court's evidentiary rulings unless they are "so wide of the mark that a manifest denial of justice resulted." Green, 160 N.J. at 492 (quoting State v. Carter, 91 N.J. 86, 106 (1982)). However, an appellate court will review

---

[2] N.J.S.A. 20:3-1 to -50.

4

questions of law de novo.  Balsamides v. Protameen Chems., Inc., 160 N.J. 352, 372 (1999).

In a condemnation case, the State is required to pay just compensation to the property owner for the property taken.  State v. Caoili, 135 N.J. 252, 260 (1994).  "Just compensation is 'the fair market value of the property as of the date of the taking, determined by what a willing buyer and a willing seller would agree to, neither being under any compulsion to act.'"  Ibid. (quoting State v. Silver, 92 N.J. 507, 513 (1983)).  In condemnation cases,

> [j]ust compensation shall be determined as of the date of the earliest of the following events:  (a) the date possession of the property being condemned is taken by the condemnor in whole or in part; (b) the date of the commencement of the action; (c) the date on which action is taken by the condemnor which substantially affects the use and enjoyment of the property by the condemnee; or (d) the date of the declaration of blight by the governing body upon a report by a planning board pursuant to section 38 of P.L. 1971, c. 361 (C. 20:3-38)[.]
>
> [N.J.S.A. 20:3-30.]

"A condemnation action involves the issuance of two final judgments by the Superior Court . . . ."  Hous. Auth. of New Brunswick v. Suydam Inv'rs, L.L.C., 177 N.J. 2, 16 (2003).  Under N.J.S.A. 20:3-2(j), "judgment" means "the adjudication by the court of any issue of fact or law, or both, arising under this

act."  The first judgment "declares that the condemnor is duly vested with and has duly exercised its authority to acquire the property being condemned," while "[t]he other deals exclusively with the valuation of the condemned property." Suydam Inv'rs, 177 N.J. at 16 (internal quotations and citations omitted).  The date of taking is a question of law for the trial court.  N.J. Sports & Exposition Auth. v. Giant Realty, 143 N.J. Super. 338, 346 (App. Div. 1976).  We review the trial court's decision as to the date of taking de novo.  Ibid.  The determination of value is a question for the trier of fact.  State v. 200 Route 17, L.L.C., 421 N.J. Super. 168, 172-73 (App. Div. 2011).

In the trial court, the Township argued that the property should be valued as of November 3, 2014 because at that time, the Township took certain actions that substantially affected the use and enjoyment of the property.  We note that the Township is not pursuing that issue on appeal.  Therefore, June 25, 2015 is confirmed as the established date of taking.  Instead, the Township now contends that the court had jurisdiction to proceed with the trial, and asserts the court should have ordered the parties to update their appraisal reports for trial.  We agree.

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial."  Seoung Ouk Cho v. Trinitas Reg'l Med.

6

Ctr., 443 N.J. Super. 461, 470 (App. Div. 2015) (quoting Black's Law Dictionary 791 (9th ed. 2009)). "Even when a limited issue is presented, '[o]ur courts generally disfavor in limine rulings on evidence questions,' because the trial provides a superior context for the consideration of such issues." Ibid. (alteration in original) (quoting State v. Cordero, 438 N.J. Super. 472, 484-85 (App. Div. 2014)).

However, trial judges retain the discretion to grant evidentiary motions when appropriate. Ibid. Trial judges are cautioned to use their discretion sparingly, especially when a party seeks to exclude expert testimony because such exclusion "has the concomitant effect of rendering a [party's] claim futile." Id. at 470-71 (citing Bellardini v. Krikorian, 222 N.J. Super. 457, 463-64 (App. Div. 1988)).

A motion in limine "is not a summary judgment motion that happens to be filed on the eve of trial." Id. at 471. Thus, "[w]hen granting a motion will result in the dismissal of a plaintiff's case or the suppression of a defendant's defenses, the motion is subject to Rule 4:46, the rule that governs summary judgment motions[,]" which requires that motions be returnable at least thirty days prior to the scheduled trial date, unless otherwise ordered by the court. Ibid.

In the instant matter, we conclude that the trial court mistakenly exercised its discretion by granting the Cerinos' motion in limine insofar as it barred the Township from updating its November 2014 appraisal report to reflect the judicially determined date of taking, June 25, 2015, and dismissing the complaint with prejudice. See Brenman, 191 N.J. at 31; Cho, 443 N.J. Super. at 470-71.

Here, the court's ruling on the Cerino's motion resulted in the dismissal of the Township's case. In barring the expert valuation report, the Township could not support its case. As a result, the court dismissed its complaint with prejudice. We conclude this was an abuse of discretion. Because a date of taking had not been previously established, the prudent course would have been for the court to permit a short adjournment for the updating of the valuation report. Furthermore, there was no basis to dismiss the complaint with prejudice because there was no adjudication of the merits. See R. 4:37-2(d).

We therefore reverse and vacate the February 5, 2019 order and reinstate the Township's complaint. On remand, the court shall conduct a case management conference within thirty days to set dates for service of an updated appraisal report from the Township, utilizing the June 25, 2015 date of taking established by the court, a rebuttal report, and set a new trial date.

To the extent any arguments are not addressed herein, they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2531-18T3