**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3267-21

BUKURIE LLUGANI,

    Plaintiff-Appellant,

v.

ARBEN TOSKA,

    Defendant-Respondent.

_____

Submitted April 24, 2024 – Decided July 30, 2024

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FD-04-0814-19.

Hark & Hark, attorneys for appellant (Michael J. Collis, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff Bukurie Llugani appeals from a July 12, 2022 order granting the motion of defendant Arben Toska to reduce his child-support obligation.

Plaintiff challenges only the denials of her motions for the appointment of a forensic accountant. Perceiving no abuse of discretion, we affirm.

The parties have a child who was born in 2016. Defendant's weekly child-support obligation initially was set at $319.[1] In September 2020, defendant moved for a reduction in his child-support obligation based on his expenses associated with two other children who were in his custody full-time and a purported loss of income due to unemployment and the dissolution of his "clothing sales" business allegedly caused by the pandemic. In the certification he submitted in support of the motion, defendant asserted the business had "closed," having had "zero revenue since March [2020]," and that he had not been paid by the business since the May 29, 2020 pay period.

On December 3, 2020, the parties placed on the record a "consent agreement," in which they agreed to temporarily reduce defendant's weekly child-support obligation to $108 and "to conduct discovery, which includes interrogatories, request for admissions, document requests, and depositions." The court set deadlines for the service of discovery requests and responses,

---

[1] We take that number from a decision the Family Part judge placed on the record on May 18, 2022. In a certification submitted in support of his modification motion, defendant represented he had been paying $296 weekly in child support pursuant to a May 16, 2019 order. We were not provided with a copy of that order.

scheduled a follow-up conference, and asked counsel to submit a form of order. Plaintiff did not include a copy of that order in the appellate record.

On April 29, 2021, defendant moved to dismiss plaintiff's opposition to his motion due to her alleged failure to comply with discovery orders and to compel her to produce a case information statement and certain documents. Plaintiff cross-moved for the appointment of "a forensic accountant for a business valuation/cash flow analysis of [d]efendant's business, RUCS4, LLC," with defendant paying the accountant's fees or, alternatively, each party paying fifty percent of those fees. In support of her cross-motion, plaintiff submitted her certification in which she asserted a review of defendant's business credit-card statements and checking-account statements demonstrated defendant had not been truthful to the court about his business being dissolved. She highlighted the amount of money deposited and withdrawn from his business checking-account between January 2020 and March 2021 and the charges on his business credit-card statements that seemed to indicate the business was still operating. Defendant submitted a certification in reply; we were not provided with a copy of that certification.

During oral argument on June 24, 2021, defense counsel represented that "not one iota of proof shows any money from the business going to [defendant]"

3

and "[h]is cousin is running the business."  The judge held that he was "not ordering a forensic accountant right now."  The judge explained:

> My recollection from the prior motion . . . was that there was an ownership issue involving the corporation . . . . And I'm not about to order a forensic accountant unless there is some proof of ownership.  If your client hasn't been traveling for the business, you know, a deposition is going to bring this all out.  A deposition is likely to incur a couple of hours of prep time and a couple of hours . . . which is going to be significantly less than a forensic accountant.  If there is the information that comes out of the deposition that may justify a forensic account, then I may allow it.  And I'm not sure what the allocation will be.

Plaintiff's counsel asked if plaintiff could "refile" her motion for the appointment of a forensic accountant after the parties were deposed.  The judge appeared to grant that request on the record.  In an order issued that day, the judge ordered plaintiff to provide certain documents by July 26, 2021, and the parties to complete depositions by August 6, 2021.

In September 2021, plaintiff apparently again moved for the appointment of a forensic accountant.  Plaintiff did not include copies of that motion in the appellate record.  At oral argument on February 22, 2022, before a different Family Part judge, plaintiff's counsel indicated defendant testified during his deposition that his "old business closed" and that he was no longer a part of that business.  She highlighted the following information in support of plaintiff's

4

motion: the business's operating agreement had not been amended to show he was no longer an owner; the business credit card under his name was still being used; defendant had traveled with his family to Europe while receiving unemployment benefits; money was flowing in and out of the business; and defendant no longer received a salary from the company because he was collecting unemployment benefits and the salary was being paid instead to his cousin, who had not previously received a salary. Defense counsel asserted defendant had produced personal bank statements and credit-card statements and that in those personal records and in the business records "not one item of proof, nothing, has been shown . . . that [defendant] is receiving some type of extra income."

After hearing argument, the judge denied the motion, finding:

> I do not see that there is a need for a forensic accounting in this matter based on all of the information that has been submitted already. And that there has been no – no proof that there is any malfeasance on behalf of the business. There's, certainly, no accounts that have been, you know, hidden or there's no money that [defendant] is, at least on paper, hiding. So, the motion to have a forensic accounting is denied.

After rendering that decision, the judge conducted a plenary hearing regarding defendant's modification motion. Both parties testified. On May 18, 2022, the judge placed a decision on the record. The judge referenced plaintiff's

5

"second application" for the appointment of a forensic accountant "made . . . in September of 2021" and his denial of that motion on February 22, 2022. Finding defendant credible and plaintiff not credible, the judge imputed salary to defendant in the amount of $52,000, "as consented to and agreed upon by the defendant and his attorney," and held defendant's weekly child-support obligation would remain at $108. The judge ordered defendant "to provide his tax return to the plaintiff on an annual basis to ensure that there is no drastic change in his income." The judge memorialized his decision in a two-part order dated July 12, 2022. The judge included in the order his findings that plaintiff had not presented credible evidence that defendant was hiding money or that money was "being diverted from the business to defendant."

Plaintiff filed a notice of appeal on June 28, 2022, indicating she was appealing from an order dated May 18, 2022. In an amended notice of appeal, plaintiff stated she was appealing from the July 12, 2022 order, indicating the judge did not issue a written order on May 18, 2022. Plaintiff did not list the June 24, 2021 order as being the subject of her appeal in either notice.

In her merits brief, plaintiff presented one argument: the judges abused their discretion in denying her motions for the appointment of a forensic accountant. She did not brief any other issue. See N.J. Dep't of Env't Prot. v.

6

Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) (finding "[a]n issue that is not briefed is deemed waived upon appeal").

Our review of a Family Part judge's findings is limited. We "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We review a Family Part judge's imputation of income and child-support determination for an abuse of discretion. Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015). "Reversal is warranted only if the findings were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We review questions of law de novo. Amzler, 463 N.J. Super. at 197.

Rule 5:3-3(c) authorizes a judge to appoint an expert "to appraise the value of any property or to report and recommend as to any other issue" "[w]henever the [judge] concludes that disposition of an economic issue will be assisted by expert opinion." See also Elrom, 439 N.J. at 438 (noting a "court may appoint an expert to resolve an economic issue" pursuant to Rule 5:3-3(c)). Recognizing

7

that a "court could consider the appointment of an independent expert to assist it," our Supreme Court has encouraged courts to use "other discovery methods . . . to narrow the issues . . . ." Bowen v. Bowen, 96 N.J. 36, 52 (1984).

Plaintiff argues the judge abused his discretion in denying her initial motion for the appointment of a forensic accountant on June 24, 2021. Plaintiff, however, did not list the June 24, 2021 order in any of her notices of appeal or case information statements. See R. 2:5-1(f)(2)(ii) (requiring an appellant to "designate the judgment, decision, action, or rule, or part thereof appealed from" in the notice of appeal); Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider order not listed in notice of appeal); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 2:5-1 (2022) ("failure to identify an issue in the notice of appeal may be saved by identification in the case information statement filed with the notice of appeal"); Synnex Corp. v. ADT Sec. Servs., Inc., 394 N.J. Super. 577, 588 (App. Div. 2007) (reviewing an order that was identified in the case information statement but not the notice of appeal). Thus, plaintiff's attempted appeal of the denial of her initial motion is procedurally improper.

But even considering it substantively, we find no merit in it. On June 24, 2021, the judge denied plaintiff's motion without prejudice, recalling from a

prior motion an issue regarding the ownership of the company at issue, and ordered defendant to appear for deposition to address that issue, which, in the judge's view, was an appropriate initial cost-saving step before appointing and incurring the fees of a forensic accountant. We perceive no abuse of discretion in that determination.

Plaintiff's appeal of the denial of her second motion for the appointment of a forensic expert also is procedurally flawed. Pursuant to Rule 2:6-1(a)(1), an appellant must include in the appendix "parts of the record . . . essential to the proper consideration of the issues, including such parts as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised." We are not "obli[gated] to attempt review of an issue when the relevant portions of the record are not included." Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005); see also State v. Cordero, 438 N.J. Super. 472, 489 (App. Div. 2014).

Plaintiff did not include in her appendix copies of any documents she submitted in support of her September 2021 motion for the appointment of a forensic accountant. Thus, we don't know what documentary evidence, if any, and what deposition testimony she cited in support of her motion. On that

record, and without evidence showing "malfeasance" or "hidden" money, we have no basis to conclude the judge's determination that he did not need a forensic accountant to decide defendant's modification motion was an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-3267-21