**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2796-19

EUN SOOK YANG and
YOUNG SOOK YANG,

     Plaintiffs-Respondents,

v.

SUNG K. YANG,

     Defendant-Appellant.

_____

     Submitted May 5, 2021 – Decided May 27, 2021

     Before Judges Ostrer and Vernoia.

     On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8070-12.

     Matthew J. Jeon, attorney for appellant.

     Elliott Malone, attorney for respondents (Elliott Malone and Paul DePetris, on the brief).

PER CURIAM

     On October 18, 2012, plaintiffs Eun Sook Yang and Young Sook Yang filed a complaint against defendant Sung K. Yang asserting claims for breach of

contract and unjust enrichment related to various alleged real estate and business transactions between the parties and based on defendant's purported failure to transfer title to real property in accordance with an alleged agreement between the parties. Defendant failed to timely file an answer or otherwise move in response to the complaint, and, on December 7, 2012, the court entered default against him. On May 3, 2013, the court entered a default judgment against defendant in the amount of $643,560.

More than six years later, defendant moved to set aside the default judgment under Rule 4:50-1(e) and (f) and to stay an order entered in defendant's bankruptcy proceeding in the United States Bankruptcy Court, District of New Jersey. In a December 11, 2019 order, the court denied defendant's motion, finding he failed to demonstrate any basis for relief under Rule 4:50-1. The court subsequently entered a January 29, 2020 order denying defendant's motion for reconsideration.

Defendant appeals from the court's orders, claiming it erred by denying his request for relief under Rule 4:50-1 from the May 3, 2013 default judgment,

2

and by denying his motion for reconsideration.[1]  Unpersuaded by defendant's arguments, we affirm.

I.

Prior to addressing defendant's arguments, we consider plaintiffs' claim the appeal from the December 11, 2019 order should be dismissed as untimely under Rule 2:4-1(a).  Plaintiffs contend the December 11, 2019 order is a final order, and Rule 2:4-1(a) required defendant to file his appeal within forty-five days of the order's entry.  Plaintiffs concede the filing of defendant's reconsideration motion tolled the forty-five-day period within which the appeal from the December 11, 2019 order was required to be filed, see R. 2:4-3(e), but they contend that even giving defendant credit for the tolling of the time during the pendency of the reconsideration motion, defendant filed his notice of appeal from the December 11, 2019 order beyond the forty-five days required by Rule 2:4-1(a).

In his reply brief, defendant does not address plaintiffs' argument or dispute that he untimely filed his notice of appeal from the December 11, 2019

---

[1]  Defendant does not argue on appeal that the motion court erred by denying his request stay of an order entered by the Unites States Bankruptcy Court.  We do not consider or address the motion court's denial of the stay because an issue not briefed on appeal is deemed waived.  Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

order. Nonetheless, we exercise our discretion to consider defendant's notice of appeal as a motion for leave to file his notice of appeal out of time and grant the motion because, as plaintiffs acknowledge, defendant timely appealed from the order denying his motion for reconsideration of the December 11, 2019 order, and our consideration of the dismissal order is essential to the resolution of the issues presented by defendant's timely appeal from the order denying his reconsideration motion. See, e.g., Potomac Aviation, LLC v. Port Auth. of N.Y. & N.J., 413 N.J. Super. 212, 221-22 (App. Div. 2010) (exercising the court's discretion to extend the time for filing an appeal from a summary judgment order where the appeal from the denial of a reconsideration motion was timely, and the substantive issues presented and the judge's rulings and reasoning on both motions were the same). We therefore address defendant's appeal from both orders on the merits.

Rule 4:50-1 "is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). "[T]he [R]ule is a carefully crafted vehicle intended to underscore the need for repose while

achieving a just result." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009). The Rule "denominates with specificity the narrow band of triggering events that will warrant relief from judgment if justice is to be served," and "[o]nly the existence of one of those triggers will allow a party to challenge the substance of the judgment." Id. at 261-62. Relief under Rule 4:50-1 "is granted sparingly." F.B. v. A.L.G., 176 N.J. 201, 207 (2003).

We "accord 'substantial deference' to a trial court's determination under [Rule 4:50-1] and its decision[] will be left undisturbed 'unless [it] result[s] in a clear abuse of discretion.'" Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (quoting Guillaume, 209 N.J. at 467). An abuse of discretion exists if a decision lacks "rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). "The discretion afforded to a trial court under [Rule 4:50-1] . . . includes the duty to consider evidence in the record that militates against the grant of relief . . . ." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 290 (1994).

Defendant presents a focused and narrow argument on appeal. He does not dispute he is liable to plaintiffs based on the causes of action asserted in their

complaint. He claims only that the court's May 3, 2013 default judgment was entered in error because he actually owed defendants $489,660.92, instead of the $624,500 the court determined was due plaintiffs and awarded in the judgment.[2] Defendant challenges the court's determination of damages as reflected in the May 2013 default judgment based solely on alleged interactions and transactions between the parties occurring prior to entry of the default judgment.[3]

We first consider defendant's claim the court erred by denying his request for relief from the May 3, 2013 default judgment under Rule 4:50-1(e). The Rule permits relief from a judgment where "the judgment . . . has been satisfied, released or discharged, or a prior judgment or order upon which it is based has

---

[2] In his brief on appeal, defendant acknowledges he "failed to transfer the title of the property" to plaintiffs as alleged in the complaint, and states he "actual[ly] ow[es]" plaintiffs "489,660.92."

[3] In his brief on appeal, defendant acknowledges borrowing $642,500 from plaintiffs between 2006 and 2008 and receiving various payments from plaintiffs between 2007 and 2011. He also claims he "paid [plaintiffs] $264,442.98" in 2006 and $3,000 in 2011. Based on his summary of the sums he borrowed and received from plaintiffs, and the sums he claims he paid plaintiffs, he asserts the court erred in its determination of the amount he actually owed plaintiffs when the court entered the May 3, 2013 default judgment. His calculation of the amount due does not include any claimed payments or adjustments following entry of the default judgment.

A-2796-19

been reversed or otherwise vacated, or it is no longer equitable that the judgment . . . should have prospective application." R. 4:50-1(e).

Defendant offers no basis for relief from the default judgment under the Rule. He neither demonstrates nor claims he has satisfied, released, or discharged any portion of the May 3, 2013 default judgment, and the judgment is not based on a prior judgment or order. Defendant also offers no basis, and provides no evidence, "that it is no longer equitable that the judgment should be enforced." DEG, 198 N.J. at 266. To sustain that burden under the Rule, defendant was required to prove "that events have occurred subsequent to the entry of [the] judgment that, absent the relief requested, will result in 'extreme' and 'unexpected' hardship." Ibid. (quoting Little, 135 N.J. at 285).

Defendant does not seek relief from the judgment based on events occurring subsequent to the entry of the 2013 default judgment. His request for relief under Rule 4:50-1(e) is founded solely on alleged circumstances—sums borrowed, received, and allegedly due or paid—occurring prior to the entry of the May 3, 2013 default judgment. The court therefore did not abuse its discretion by denying defendant's request to vacate the default judgment under Rule 4:50-1(e).

A-2796-19

Defendant also claims the court erred by denying relief from the default judgment under Rule 4:50-1(f), which permits vacation of a judgment "for 'any . . . reason justifying relief from the operation of the judgment.'" Guillaume, 209 N.J. at 484 (quoting R. 4:50-1(f)).  Due to "the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Ibid. (quoting Little, 135 N.J. at 286).  Relief under the Rule "is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289).

Defendant makes no showing of exceptional circumstances warranting or permitting relief under Rule 4:50-1(f).  He claims in part he is entitled to relief from the default judgment because he filed an answer to the complaint in 2012. There is no competent record evidence supporting the claim.  The evidence shows only an answer to the complaint on defendant's behalf was "received" by the court on December 12, 2012, but that was five days after default was entered. Defendant did not move at that time, or at any other time, to vacate the default in accordance with Rule 4:43-3.  He offers no explanation for his failure to do so.  In any event, contrary to defendant's assertion that he actually filed an answer to the complaint, he presents no evidence supporting that claim.

8

Defendant also contends he is entitled to relief under Rule 4:50-1(f) because he "was struggling with deteriorating health and could not properly cope with this matter." This bald assertion is unsupported by any competent evidence defendant had medical or health issues precluding his participation in the litigation when the 2012 default and 2013 default judgment were entered, or preventing him from seeking relief from the default judgment for the more than six years following entry of the default judgment prior to his 2019 filing of the Rule 4:50-1 motion. Indeed, the record shows defendant actively participated in litigation long before he filed his 2019 Rule 4:50-1 motion; in 2017, he filed a proceeding in the United States Bankruptcy Court that he litigated for two years prior to the 2019 filing of his motion seeking relief from the default judgment under Rule 4:50-1. Defendant also sought relief from the May 3, 2013 default judgment in the bankruptcy court. It was only after the bankruptcy court denied defendant's request for relief from the default judgment that he moved in 2019 for relief from the judgment under Rule 4:50-1.[4]

---

[4] Plaintiffs argue defendant's request for relief from the May 3, 2013 default judgment under Rule 4:50-1 is barred under the doctrines of res judicata, collateral estoppel, and judicial estoppel based on the resolution of defendant's claims, and the bankruptcy court's decisions and actions, in the bankruptcy proceeding. Because we otherwise determine the court did not abuse its discretion by denying defendant's Rule 4:50-1 motion, it is unnecessary to consider or decide plaintiffs' res judicata and estoppel arguments.

A-2796-19

Defendant's claim he is entitled to relief from the default judgment because medical or health issues prevented his participation in this litigation and caused his six-year delay in seeking relief under Rule 4:50-1 is simply not supported by competent evidence and is wholly undermined by the record presented to the motion court. Lacking any such evidence, the court did not abuse its discretion by rejecting defendant's conclusory assertion his purported medical issues constituted exceptional circumstances supporting relief from the default judgment under Rule 4:50-1(f). The court did not abuse its discretion by denying defendant relief from the judgment based on any alleged medical or health issues.

We also reject defendant's claim the motion court erred because the default judgment was entered without a proof hearing. A proof hearing is not required when a plaintiff requests entry of a default judgment. Rule 4:43-2(b) provides that "to enable the court to enter [a default] judgment or to carry it into effect" where "it is necessary to take an account or to determine the amount of damages," a court "may conduct such proof hearings with or without a jury or take such proceedings as it deems appropriate." The Rule permits, but does not require, a proof hearing. "Rule 4:43-2(b) grants a trial court the discretion to require proof of the quantum of damages as well as entitlement to relief, prior

to entry of default judgment." EnviroFinance Grp., LLC v. Env't Barrier Co., 440 N.J. Super. 325, 343 (App. Div. 2015).

Here, the May 3, 2013 default judgment states the court considered the certifications of plaintiff Young Sook Yang and plaintiffs' counsel, including "exhibits and other papers," in entering default judgment in the amount of $643,560 against defendant. Thus, the court in 2013 determined plaintiffs' submissions adequately established their entitlement to the damages without the necessity of a proof hearing.

Defendant does not provide any evidence supporting his claim the court's failure to conduct a proof hearing in 2013 was either in error or constituted exceptional circumstances warranting relief from the default judgment under Rule 4:50-1. Moreover, defendant does not include in the record on appeal the certifications, exhibits, and papers that were considered by the court in its entry of the 2013 default judgment.

Our Rules of Court require that an appellant provide those portions of the trial court record necessary to properly consider and decide the arguments raised on appeal. Rule 2:6-1(a)(1) requires that an appellant include in the appendix on appeal the pleadings and "such other parts of the record . . . as are essential to the proper consideration of the issues, including such parts as the appellant

A-2796-19

should reasonably assume will be relied upon by the respondent in meeting the issues raised." R. 2:6-1(a)(1)(A) and (I).

A party's failure to provide the record on appeal as required by the Rules of Court hinders our ability to conduct proper appellate review. Johnson v. Schragger, Lavine, Nagy & Krasny, 340 N.J. Super. 84, 87 n.3 (App. Div. 2001). The trial court record is so essential to our determination of issues raised on appeal that we are not "obliged to attempt review of an issue when the relevant portions of the [trial court] record are not included" on appeal. Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005); see also State v. Cordero, 438 N.J. Super. 472, 489 (App. Div. 2014) (finding review of the appellant's arguments was not possible because the appellant failed to provide an adequate record of the trial court proceedings).

The record defendant provides on appeal renders it impossible to determine whether, as he contends, the court erred in the first instance by failing to conduct a proof hearing before entering the 2013 default judgment. We therefore reject his contention he was entitled to relief from the default judgment because it was erroneously entered without a proof hearing.

As noted, defendant generally alleges he is entitled to relief from the default judgment because the court in 2013 erred in its determination of the amount of damages to which plaintiffs are entitled. Defendant ignores that "[t]he very purpose of a Rule 4:50 motion is not, as in appellate review, to advance a collateral attack on the correctness of an earlier judgment." In re Guardianship of J.N.H., 172 N.J. 440, 476 (2002). The purpose of the Rule "is to explain why it would no longer be just to enforce [the] judgment," based on what has "since transpired or been learned to render its enforcement inequitable." Ibid.

We have considered the totality of the circumstances presented by the record before the motion court and discern no basis to conclude it abused its discretion by denying defendant's Rule 4:50-1 motion to vacate the 2013 default judgment. Defendant offers too little much too late. Given the importance we attach to the finality of judgments, defendant's inexplicable six-year delay in moving for relief under the Rule, see R. 4:50-2 (providing that Rule 4:50-1 motions "shall be made within a reasonable time"), and the absence of any exceptional circumstances demonstrating defendant will suffer a grave injustice if the judgment is not vacated, see generally Guillaume, 209 N.J. at 484, we find no basis in law or logic to reverse the court's December 11, 2019 order denying

13

defendant's motion to vacate the default judgment.  For the same reasons, we find no error in the court's January 29, 2020 order denying defendant's motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION